IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYNA G. KALIMA,<br><br>   Plaintiff,<br><br> v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>   Defendants.<br>                  / | No. C 06-1503 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO DISMISS; GRANTING PLAINTIFF LEAVE TO AMEND** |

  On August 4, 2006, the Court heard oral argument on defendant Regents of the University of California's ("UC Regents") motion for a more definite statement and motion to dismiss. After careful consideration of the parties' papers and discussion in open court, the Court hereby GRANTS defendant's motion and DISMISSES the fifth, sixth, and seventh causes of action against defendant UC Regents WITH LEAVE TO AMEND. Plaintiff does not oppose the balance of defendant's motion, and accordingly the Court hereby DISMISSES the fourth, eighth, ninth, tenth, eleventh, and twelfth causes of action against defendant UC Regents WITHOUT LEAVE TO AMEND.

**1. Fifth Cause of Action for Title IX Sex Discrimination**

  Plaintiff's fifth cause of action alleges that defendant UC Regents is liable for sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*. As currently framed, plaintiff's Title IX claim is too general and devoid of any specific facts. Accordingly, the Court GRANTS defendant's motion for a more definite statement; plaintiff must amend the complaint to include specific factual allegations regarding the university officials who allegedly knew about the

harassment and discrimination, as well as the officials' response to such information.[1] *See generally Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 276, 290 (1998) (discussing elements of Title IX claim necessary for damages).

### 2.     Sixth Cause of Action for Section 1981 Race Discrimination

Plaintiff's sixth cause of action generally alleges that defendants are liable for race discrimination under 42 U.S.C. § 1981. Plaintiff's claim is too vague to provide defendants fair notice of her claim, and accordingly the Court GRANTS defendant's motion for a more definite statement. Plaintiff's amended complaint shall include more specific factual allegations regarding defendants' intentional discrimination on the basis of race, and how such discrimination has interfered with plaintiff's rights "to make and enforce contracts." 42 U.S.C. § 1981.[2] In addition, plaintiff shall only replead the § 1981 claim if she is alleging discrimination based on race and not national origin. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

### 3.     Seventh Cause of Action for Disability Discrimination

Plaintiff's seventh cause of action alleges that defendants are liable for disability discrimination under the American Disabilities Act. The complaint does not specify whether she is filing suit under Title I or II of the ADA, although plaintiff's opposition states that she intends to proceed under Title II. In addition, although the complaint states that the claim is brought under the ADA, the complaint cites to the Rehabilitation Act of 1973, 29 U.S.C. § 794. FAC ¶ 39.

Assuming that plaintiff intended to allege a claim under Title II, plaintiff has failed to allege

---

[1] Defendant UC Regents requests judicial notice of plaintiff's change of name; her UC Berkeley transcript; as well as of two letters, one to UC Berkeley Chancellor Berdahl, and one to Chancellor Birgeneau. The Court DENIES both requests for judicial notice. For purposes of the instant motion, the Court's review is limited to the allegations pled in the complaint, and the Court will not consider documents submitted for the purpose of establishing a factual dispute.

[2] This claim is alleged against both UC Regents and defendant Dolan. Although Dolan did not join in the UC Regents' motion, in the interest of avoiding piecemeal litigation plaintiff would be well-advised to include additional allegations concerning defendant Dolan in the amended complaint.

sufficient facts to support such a claim against defendant UC Regents.[3] *See generally Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (stating elements of Title II claim). Accordingly, the Court GRANTS defendant's motion with leave to amend. The amended complaint shall, *inter alia*, clarify under which statute (and title) plaintiff is proceeding, identify plaintiff's disability, and include allegations concerning how defendants discriminated against plaintiff on the basis of her disability.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion and DISMISSES the fifth, sixth, and seventh causes of action against defendant UC Regents WITH LEAVE TO AMEND. The Court hereby GRANTS defendant's motion to dismiss the fourth, eighth, ninth, tenth, eleventh, and twelfth causes of action against defendant UC Regents WITHOUT LEAVE TO AMEND. (Docket No. 15).

Defendant Dolan has failed to re-notice the motion to dismiss filed on May 15, 2006. (Docket No. 7). Accordingly, the Court DENIES this motion without prejudice to renewal.

Plaintiff shall file an amended complaint by **August 18, 2006.** Defendants' response to the complaint must be filed by **August 28, 2006.**

**IT IS SO ORDERED.**

Dated: August 7, 2006

SUSAN ILLSTON
United States District Judge

---

[3] The Court notes that Title II applies to public entities. The complaint sues defendant Dolan in his individual capacity; if plaintiff intends to sue Dolan under the ADA, the amended complaint must cite authority allowing her to state such a claim against Dolan.