IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAYNA G. KALIMA,                                         No. C 06-1503 SI

        Plaintiff,                                  **ORDER RE: DISCOVERY**

  v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,

        Defendants.
_____/

The parties have submitted a discovery dispute to the Court for resolution.[1]

**DISCUSSION**

**1.  Plaintiff's document requests 11 and 12**

Plaintiff's document request number 11 seeks any and all communications between plaintiff and defendant Dolan, and request number 12 seeks "any evidence of an alleged consensual affair" between the parties. Defendant states that it has fully responded to these document requests by producing e-mails between plaintiff and defendant, and that request number 12 is vague.

Plaintiff's letter brief states that plaintiff clarified request number 12 in a letter dated April 6, 2007 as follows: any e-mail, letters, notes, memoranda, voice-mail recordings, recorded conversations (either telephonically or via instant messenger), photographs, videos, web logs, journals, or any other documented communication regarding the relationship between plaintiff and defendant Dolan. The Court finds that, as clarified, request number 12 is not vague, and that it seeks relevant evidence.

---

[1] The parties' letter briefs are found at Docket Nos. 55 and 58.

Defendant is ordered to respond to document request number 12 as clarified.

**2.      Plaintiff's document request 13**

Plaintiff's document request number 13 seeks "any and all diaries and/or calendars kept by you from January 1, 1999 to June 1, 2005." Defendant has refused to produce these documents on privacy grounds, although defendant's letter brief states that he will produce any excerpts that relate to plaintiff. The Court agrees that defendant's diaries and calendars are probative of the nature of the relationship between the parties, and accordingly orders defendant to produce only those portions of the diaries and calendars that refer or relate to plaintiff. The Court agrees with defendant that plaintiff's asserted need to discover "defendant's habitual activities" is insufficient to overcome defendant's privacy interest in the balance of his diaries and calendars.

**3.      Plaintiff's document requests 15-21**

These document requests seek communications between defendant Dolan and third parties regarding allegations of sexual, racial or disability-based discrimination, misconduct or harassment against Dolan. Defendant has agreed to provide communications referring to plaintiff's claims against him, but refuses to provide documents relating allegations made against him by anyone other than plaintiff.

The Court finds that if such other communications exist, they are discoverable. *See Heyne v. Caruso*, 69 F.3d 1475, 1479-80 (9th Cir. 1995) (holding a defendant's discriminatory attitude in general may be relevant to proving discrimination against the plaintiff). The Court makes no finding on the admissibility of any such communications.

**4.      Plaintiff's document requests relating to financial records**

Plaintiff has requested a wide range of financial records on the ground that they are relevant to plaintiff's punitive damages claim. Plaintiff seeks, *inter alia*, property appraisals, any and all documents reflecting defendant's monthly expenditures (including everything from medical payments to children's educational payments), monthly earnings statements, and documents reflecting ownership of land,

investments, vehicles etc.

Defendant objects that financial information is privileged under the California Constitution. However, federal law on privilege, and not state, applies to the instant case. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n. 10 (9th Cir. 1992) (holding that federal privilege law applies in a case involving both federal and pendent state claims). Defendant also suggests that plaintiff should make a *prima facie* showing before obtaining any financial condition discovery. While some federal courts have required such a showing, the majority have not. *See CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 497-98 (D.R.I. 1994) (collecting cases). This Court also concludes that a *prima facie* showing is not required in order to obtain discovery on a defendant's financial condition.

However, the Court agrees with defendant that plaintiff's discovery requests, as currently framed, are vastly overbroad. The Court orders the parties to meet and confer regarding production of documents that will reflect defendant's current net worth. The Court also concludes that the privacy of defendant's financial records can be maintained through a protective order limiting disclosure to counsel only and requiring destruction of all information (including copies) at the end of litigation.

## CONCLUSION

Defendant shall produce any additional responsive documents in connection with document requests 11-13, and 15-21 **no later than June 1, 2007**. The parties shall meet and confer regarding the production of financial documents, and a protective order, **no later than May 25, 2007**, and defendant shall produce the agreed-upon financial documents subject to the protective order **no later than June 1, 2007**.

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge